# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 776-7858 |

December 7, 2015

To:  Lennette Marie Goodman
     Plaintiff *Pro Se*
     18 Lobelia Lane
     Jackson, NJ 08527

     All counsel of record

### LETTER OPINION AND ORDER

RE:  **Lennette Marie Goodman v. United Airlines, et al.**
     **Civil Action No. 15-6496 (KM)(MAH)**

Dear Counsel:

This Letter Opinion and Order will address Defendants, United Airlines, Inc. and Delta Air Lines, Inc.'s motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) [D.E. 7].  Plaintiff did not oppose or otherwise respond to the motion.  The Court has considered this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Defendants' motion is granted.

## I. BACKGROUND

On August 31, 2015, pro se Plaintiff filed a Complaint against United Airlines, US Airways, and Delta Airlines for negligently failing "to properly train its employees as to the United States Department of Transportation Air Carrier Access Act of 1986 (ACAA).  As such, all defendants jointly and severally contributed to plaintiff's emotional distress during the

Thanksgiving weekend of 2014." Compl., Aug. 31, 2015, D.E. 1. On September 28, 2015, attorneys for Defendants entered an appearance [D.E. 5, 6], and on November 4, 2015, Defendants filed the instant motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) [D.E. 7]. Plaintiff has not submitted a response to Defendants' motion.

## II.   LEGAL STANDARD AND ANALYSIS

Rule 12(e) provides in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Rule 12(e)'s purpose "is to require greater specificity than what is ordinarily required under Rule 8(a)(2) in that narrow class of cases where the want of specificity precludes the defendant from properly framing an answer to a legally sufficient complaint." Clark v. McDonald's Corp., 213 F.R.D. 198, 233 (D.N.J. 2003), see also Alston v. Parker, 363 F.3d 229, 237 n.7 (3d Cir. 2004) (noting that a more definite statement is a tool resolve ambiguity or vagueness); Baxter v. Rosen, 305 F.3d 486, 490 (6th Cir. 2002) (stating that a Rule 12(e) statement is appropriate for a "truly unclear complaint").

Motions for a more definite statement, however, are generally disfavored, and should be limited to remedying unintelligible pleadings rather than addressing a lack of detail. See Frazier v. Southeastern Pennsylvania Transp. Auth., 868 F. Supp. 757, 763 (E.D. Pa. 1994). In the context of Rule 12(e), an unintelligible pleading is one to which it is "virtually impossible for the opposing party to craft a responsive pleading." Synagro-WWT, Inc. v. Rush Township, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002) (quoting Sabugo-Reyes v. Travelers Indem. Co. of Ill., No. CIV.A.99-5755, 2000 WL 62627, at *3 (E.D. Pa. Jan. 14, 2000) (citing Frazier, 868 F.Supp at 763). That said, it is "not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject of discovery." Lincoln Labs., Inc. v.

Savage Labs., Inc., 26 F.R.D. 141, 142-43 (D. Del. 1960).  Under notice pleading, the plaintiff is "not required to plead the minutiae that will ultimately be ascertained by discovery."  Clark, 213 F.RD. at 233.

The decision to order such a statement is discretionary.  Clark, 213 F.RD. at 233.  To determine whether or not to exercise such discretion, the Court must determine if "the pleading is so vague or ambigous that the opposing party cannot respond, even with a simple denial in good faith, without prejudice to [itself]."  Clark, 213 F.R.D. at 233 (citations and internal quotation marks omitted).  This standard is met where the allegations do not enable a defendant to determine the propriety of asserting a waivable defense, where the defendant cannot answer the complaint with a general denial, or where there is a need to "pare down [the] pleadings."  Id. at 233.  To the extent Rule 12(e) could require more specificity than that required by Rule 8(a)(2) and "thereby be prone to abuse by defendants, 'its exercise should be cast in the mold of strictest necessity.'"  Clark, 213 F.R.D. at 233 (quoting Lincoln Labs., Inc., 26 F.R.D. at 143).  Accordingly, the issue before this Court is whether or not plaintiff's complaint meets Rule 8's notice pleading requirement and whether or not defendants can frame a legally sufficient response.[1]

Rule 8(a)(2) requires "a short and plain statement of the claim showing the pleader is entitled to relief," thereby giving a defendant fair notice of the basis of the plaintiff's claims.  See Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).  Compliance "with the 'short and plain statement' standard of Rule 8(a)(2), and success in stating a claim upon which relief may be granted . . . , does not insulate its pleading from a well-grounded motion for a more definite statement under Rule 12(e)."  Clark, 213 F.R.D. at 233.  Thus, courts must be mindful that "Rule

---

[1] The Court makes no finding on the viability of plaintiff's civil rights claims under Rule 12(b)(6).

8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits." Swierkiewicz, 534 U.S. at 515.   Of significance here is that the United States Supreme Court and the Court of Appeals for the Third Circuit have held that a civil rights complaint need only meet the Rule 8 standard and have rejected a heightened pleading standard for civil rights claims.   See Leatherman v. Tarrant City Narcotics and Coordination Unit, 507 U.S. 163 (1993); Alston, 363 F.3d at 232.   Therefore, the plaintiff's Complaint need not be pleaded with factual particularity beyond that required by Rule 8.

Under the notice pleading standard applicable to a civil rights complaint, the plaintiff need not itemize every day upon which such statements were made nor must he plead the exact words that were uttered.   The details of the allegedly unlawful conduct is a proper subject of discovery and plaintiff is not required to spell out every alleged instance in his pleading to satisfy Rule 8(a). Further, courts generally hold pro se complaints to a lower standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97 (1976).

Liberally construing plaintiff's pro se complaint, Alston, 363 F.3d at 234 (citing Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003)), which consists of a mere one paragraph[2], the Court finds that it does not comply with Rule 8(a) and Defendants could not frame a legally sufficient response.   Therefore, a more definitive statement is warranted in this case.   Defendants argue that Plaintiff's "one paragraph Complaint is devoid of any information as to the alleged incident which forms the basis of said Complaint so as to cause the defendants to be unable to properly respond and to assess whether plaintiff has standing to pursue an action."   Defs.' Br. in Sup. of

---

[2] Plaintiff's Complaint states,

> United Airways, US Airways, and Delta Airlines negligently failed to properly train its employees as to the United States Department of Transportation Air Carrier Access of Act of 1986 (ACAA).   As such, all defendants jointly and severally contributed to the plaintiff's emotional distress during the Thanksgiving weekend of 2014.

Compl., D.E. 1.

Mot. at 2, Nov. 4, 2015, D.E. 7-1.  The Court agrees.  Plaintiff's ambiguous Complaint is so lacking in information that it renders Defendants unable to investigate, evaluate, or provide a response, and some further facts are necessary for Defendants to determine whether it can "reasonably prepare a response" or defense.  Plaintiff fails to allege any facts surrounding the alleged negligence and does not describe with any detail the occurrence during the Thanksgiving weekend of 2014.  Perhaps one would infer that Plaintiff is alleging that she suffered some emotional distress in conjunction with an airline flight during the weekend of Thanksgiving 2014.  But even that inference would be gauzy at best.   Plaintiff includes no description whatsoever of who did what to her, much less how three separate airline carriers were all involved.

Accordingly, Plaintiff shall file an amended Complaint that identifies, at the minimum, the statute(s) underlying her claim and the facts giving rise to them.

### III.    CONCLUSION

Defendants' motion for a more definite statement pursuant to Rule 12(e) [D.E. 7] is granted.   Plaintiff shall file an amended Complaint that complies with this Court's Letter Opinion and Order on or before **December 28, 2015**.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**