UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

March 31, 2016

To: Lennette Marie Goodman
Plaintiff *Pro Se*
18 Lobelia Lane
Jackson, NJ 08527

All counsel of record

## LETTER OPINION AND ORDER

RE: **Lennette Marie Goodman v. United Airlines, et al.**
**Civil Action No. 15-6496 (KM)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff pro se Lennette Goodman's application for Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 16]. For the reasons set forth below, Plaintiff's application is denied.

## Background

This matter arises out of two incidents which occurred over Thanksgiving weekend of 2014. Complaint, Aug. 31, 2015, D.E. 15; Amended Complaint, Jan. 14, 2016, D.E. 12. Plaintiff alleges that Defendants United Airlines, US Airways and Delta Airlines negligently failed to properly train its employees, and violated the Air Carrier Access Act of 1986, 49 U.S.C. § 41705 ("ACAA"). Id. Specifically, Plaintiff alleges that on November 28, 2014, she arrived to Newark airport with her African Grey bird named China, which is her psychiatric emotional support animal. Amended Complaint, D.E. 12. Plaintiff alleges that she arrived at the airport with a prescription from her psychiatrist, Dr. Edward Szteinbaum, which indicated that China is Plaintiff's therapy bird, and Plaintiff needed to fly with China. Id. Plaintiff alleges that she showed the prescription to the reservation agent, who told Plaintiff that she would still need to pay for the bird. Id. Plaintiff alleges that she complained about this charge, and relayed the portion of the ACAA that indicates she may fly with the therapy bird free of charge because it is a therapy animal. Id. However, Plaintiff had to pay for China's travel. Id. Plaintiff alleges that the same incident occurred on November 30, 2014, at the Louisville, KY airport, when she was flying back to

Newark.  Id.  After Plaintiff made a verbal and written complaint about these incidents, her money was refunded for the transportation cost of the bird.  Id.  Plaintiff is seeking $1.00 in actual damages and additional punitive damages.  Id.

On March 10, 2016, Plaintiff filed this application for Pro Bono Counsel [D.E. 16].  In her application, Plaintiff argues that she is entitled to appointed counsel because: (1) she cannot afford to hire an attorney on her own; and (2) without representation, she fears she will be taken advantage of by the Defendants during her deposition.  See App. for Counsel, March 10, 2016, D.E. 16.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parnham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron.  Montgomery, 294 F.3d at 498-99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not exhaustive, but provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157-58.  Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a previous commodity and should not be wasted on frivolous cases."  Montgomery, 294 294 F.3d at 499 (Parnham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for the purposes of this application.  Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case. When considering ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. Based upon the present record, Plaintiff has demonstrated a basic understanding of the actions she should take in furtherance of her claim. For example, when the Court granted Defendants' motion for a more definite statement on January 6, 2016 [D.E. 11], Plaintiff responded with an Amended Complaint on January 14, 2016 [D.E. 12], which articulates the basis for her action. A review of Plaintiff's Amended Complaint indicates that she provided a detailed explanation of her cause of action, which demonstrates her ability to pursue her claim. Plaintiff adequately articulated the factual circumstances, even including specific dates, surrounding the alleged incidents. Based upon the allegations and the facts from which they arise, and because "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case. Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not complicated. Plaintiff provides no explanation in her pro bono application as to why her claims contain complex legal issues. Accordingly, the second Tabron factor weighs against Plaintiff because it does not appear that her claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate her claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Additionally, although Plaintiff argues that she had medical documentation on the date of travel with her emotional support animal but has misplaced the documents, Plaintiff provides no reason why her inability to find these documents supports her application for appointed counsel. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parnham, 126 F.3d at 460. At

this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of the ACAA would be understandable to a lay person without the assistance of an expert. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth Tabron favor does not favor appointment.

Sixth, the plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. Here, the plaintiff has not applied for in forma pauperis status and was apparently able to pay the filing fees. Montgomery, 294 F.3d at 505; Parham 126 F.3 at 461. Moreover, besides stating that she cannot afford an attorney on her own, the plaintiff has not provided the Court with any financial records upon which to determine her financial means. Nonetheless, even if the Court determines that the plaintiff is indigent, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors. Finally, Plaintiff has not described any attempt to retain counsel on her own. The failure to provide any evidence of her efforts to obtain counsel weighs against appointment of counsel at this time.

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of *pro bono* counsel is inappropriate at this time. Cf. Parnham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice.

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's application of the appointment of pro bono counsel [D.E. 16] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**